UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF USA PURSUANT       )        ML No: 24-1050
TO 18 U.S.C. § 3512 FOR ORDER FOR       )
COMMISSIONER'S APPOINTMENT FOR          )
A FRAUD INVESTIGATION                   )
                                        )
_____ )

*Reference:*        *DOJ Ref. # CRM-182-93780*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Hellenic Republic (Greece).  In

support of this application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Greece, the Ministry of Justice, submitted a request for

assistance (Request) to the United States, pursuant to the Treaty Between the Government of the

United States of America and the Government of the Hellenic Republic on Mutual Legal

Assistance in Criminal Matters, U.S.-Greece, May 25, 1999, S. TREATY DOC. NO. 106-18

(2000), as supplemented by the Protocol to the Treaty Between the Government of the United

States of America and the Government of the Hellenic Republic on Mutual Legal Assistance in Criminal Matters, signed 26 May 1999, U.S.-Greece, Jan. 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (Treaty).

2.      As stated in the Request, the Public Prosecutor at the First Instance Court of Athens in Greece is investigating unknown subjects for fraud, which occurred in approximately August and September 2019, in violation of the criminal law of Greece, specifically, Article 386, para. 1 of the Greek Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Greek authorities, a Greek company (the victim company) had an existing business relationship with a Spanish film company.  On or about August 27, 2019, unknown subjects appeared to spoof an email address used by the legal representative of the Spanish film company.  The unknown subjects then sent an email to the victim company stating that there was an unpaid balance related to a previous purchase by the victim company.  The email asked that the victim company remit the outstanding balance of EUR 13,683.75 (approximately USD 15,215.20) to Fifth Third Bank account number xxxxxx5103 in the name of "Falcon Group Tech," located in the United States.

4.      On or about September 4, 2019, the victim company, in accordance with the instructions it believed were emailed from the Spanish film company, transferred EUR 13,683.75 (approximately USD 15,215.20) to the Fifth Third Bank account identified in the email.  The victim company later learned from the Spanish film company that the email account for its legal representative had been spoofed and the Spanish film company had not actually received payment from the victim company.

5.       To further the investigation, Greek authorities have asked U.S. authorities to provide bank records pertaining to Fifth Third Bank account number xxxxxx5103 in the name of Falcon Group Tech, located in the United States.

LEGAL BACKGROUND

6.       A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.       The United States and Greece entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  Treaty, art. 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, art. 5(1) ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.").

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

8.     When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

11.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

<u>REQUEST FOR ORDER</u>

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Greece and seeks assistance in the investigation of fraud – a criminal offense in Greece.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Michael E. Eaton
Trial Attorney
CT Bar Number 418893
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2706
Michael.E.Eaton@usdoj.gov